UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

JUN 29 2000

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

LEWIS & CLARK MARINE, INC., )
)
Petitioner, )
)
vs. ) Case No. 4:98CV503MLM
)
JAMES LEWIS, ) In Admiralty
)
Claimant. )

## MEMORANDUM AND ORDER

This matter is before the court on Claimant's Motion for Stay. [46] In this Motion, Claimant, James Lewis ("Claimant") requests the court to stay the proceedings in this case pending resolution by the United States Supreme Court. Petitioner, Lewis & Clark Marine, Inc. ("Lewis & Clark") opposes the stay.

A brief procedural history is in order: Lewis & Clark is the owner or owner *pro hac vice* of the M/V KAREN MICHELLE. On March 7, 1998, Claimant was purportedly injured while working for Lewis & Clark as a crew member aboard the M/V KAREN MICHELLE. On March 24, 1998, Lewis & Clark filed its "Complaint for Exoneration from or Limitation of Liability" ("Complaint") with this court pursuant to the Limitation of Liability Act, 46 U.S.C. § 181, *et seq.*

On April 2, 1998, Claimant filed a lawsuit against Lewis & Clark in Madison County, Illinois seeking damages for personal injuries allegedly sustained in the March 17, 1998 incident.

On May 8, 1998, this court approved a surety bond in the amount of $450,000.00 as security for Lewis & Clark's interests in the M/V KAREN MICHELLE and further directed that

49

any person with a claim related to the March 17, 1998 incident file the claim with the court on or before June 12, 1998. Finally, the court enjoined the institution or prosecution of any other suits against Lewis & Clark relating to the incident involving the M/V KAREN MICHELLE on March 17, 1998.

On June 9, 1998, Claimant timely filed a claim of damages for injuries in the instant cause of action and his Answer to Lewis & Clark's Complaint. On that same date, Claimant also filed a Motion to Dissolve the Restraining Order entered by the court on May 8, 1998. On December 22, 1998, the court granted Claimant's Motion to Dissolve the Restraining Order and to permit the case to proceed in the Illinois State Court. In re Complaint of Lewis & Clark Marine, Inc., 31 F. Supp. 2d 1164 (E.D.Mo. 1998).

Lewis & Clark appealed this decision to the Eighth Circuit Court of Appeals. The Eighth Circuit reversed and remanded the case to this court. In Re Complaint of Lewis & Clark Marine, Inc., 196 F.3d 900 (8th Cir. 1999)

Pursuant to the mandate from the Eighth Circuit, this court entered a Case Management Order and set the case for non-jury trial on April 2, 2001. However, Claimant petitioned the Supreme Court for a Writ of Certiorari and on May 30, 2000, the Supreme Court granted the Petition for Writ of Certiorari. 2000 WL 156835.

Claimant now asks the court to stay the proceedings in this court pending ruling by the Supreme Court. Rule 62 of the Federal Rules of Civil Procedure, Rule 8 of the Federal Rules of Appellate Procedure and Rule 23 of the Supreme Court Rules contemplate a stay or injunction pending appeal. The criteria of whether or not to stay a case are as follows: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance

of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Federal Insurance Company v. County of Westchester, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996). There is ample authority, however, that a party taking an appeal from the district court is entitled to a stay of a monetary judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d). See e.g. American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theaters, Inc., 87 S.Ct. 1, 3 (1966). This case, of course, involves neither a monetary judgment nor an appeal from the district court, so the application of the before-mentioned criteria may be appropriate. The movant has the burden on these issues. Federal Insurance, 921 F. Supp. at 1139.

Claimant has made no showing at all of his likelihood of success on the merits. A unanimous panel of the Eighth Circuit has disagreed with his position. The court concurs with Lewis & Clark's assessment that predicting the outcome in the Supreme Court may be a "fruitless exercise". See Petitioner Lewis & Clark Marine, Inc.'s Memorandum of Law in Opposition to Claimant's Motion to Stay at p.3; see also Harris v. Butler, 961 F.Supp. 61, 63 (S.D.N.Y. 1997) (conclusory statement that success on merits was likely held insufficient to grant stay).

Claimant is apparently arguing irreparable harm as his reason for requesting a stay. He indicates that a decision favorable to him would require the case to proceed in state court and would divest this court of jurisdiction. The court is at a loss to fathom how participation in pretrial discovery (and even perhaps mediation) would cause any harm to Claimant or any other party. Discovery will have to be conducted regardless of whether it is in this court or in

state court. Lewis & Clark has agreed to stipulate that any discovery conducted in this court may be used in the Illinois State Court should Claimant be successful in the Supreme Court.

In addition, Claimant has not addressed the fourth prong of the test, "public interest." Participating in pretrial discovery has no public interest component provided it is truthful and complete.

In conclusion, Claimant has failed to persuade the court that this case should be stayed pending ruling by the Supreme Court, at least in so far as pretrial discovery is concerned. The court will, however, vacate the trial date and related deadlines. All other dates and deadlines in the court's Case Management Order dated January 21, 2000 shall remain in full force and effect.

ACCORDINGLY,

IT IS HEREBY ORDERED that Claimant's Motion for Stay is GRANTED in part and DENIED in part consistent with this Memorandum and Order. [46]

IT IS FURTHER ORDERED that the following dates and deadlines are vacated: the dispositive motion packet deadlines of 1/11/01 and 2/24/01; the deadlines for filing pretrial compliance; and the trial date of 4/2/01.

IT IS FURTHER ORDERED that all other dates and deadlines in the court's Case Management Order dated January 21, 2000 remain in full force and effect.

IT IS FURTHER ORDERED that Lewis & Clark Marine, Inc. shall file its stipulation regarding the use of discovery not later than July 10, 2000 .

Mary Ann L. Medler

MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

June 29, 2000

UNITED STATES DISTRICT COURT -- EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 06/29/00 by lholwitt
4:98cv503 Lewis & Clark Marine vs

28:1333 Admiralty

| | |
|---|---|
| Richard Burke - 2749 | Fax: 618-254-0193 |
| Roy Dripps - 3014 | Fax: 618-254-0193 |
| James O'Brien - 3973 | Fax: 314-241-6056 |
| Christopher Swenson - 74100 | Fax: 314-241-6056 |

SCANNED & FAXED BY:
JUN 29 2000
C. D. D.