FILED
APR 1 8 2001
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**IN THE MATTER OF THE COMPLAINT OF LEWIS & CLARK MARINE, INC., AS OWNER OR OWNER PRO HAC VICE OF THE M/V KAREN MICHELLE FOR EXONERATION FROM OR LIMITATION OF LIABILITY.**

**Case No. 4:98CV0503 (MLM)**

**In Admiralty**

## MEMORANDUM AND ORDER

This case involves a petition by a vessel owner for a limitation of liability under the Limitation of Liability Act, a federal statute intended to limit the liability of vessel owners who are not negligent and have no privity to or knowledge of the negligent cause of a maritime accident. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [26]

Lewis & Clark Marine, Inc. ("Lewis & Clark") is a Missouri corporation with its principal place of business in Granite City, Illinois. At all times relevant hereto, Lewis & Clark was the owner or owner pro hac vice of the M/V KAREN MICHELLE. On March 17, 1998, Claimant James Franklin Lewis ("Claimant"), an employee of Lewis & Clark, was purportedly injured while working for Lewis & Clark as a crewmember aboard the M/V KAREN MICHELLE. On March 24, 1998, Lewis & Clark filed its "Complaint for Exoneration From Or Limitation of Liability" ("Complaint") with this Court pursuant to the Limitation of Liability Act, 46 U.S.C. § 181 et seq.

On April 2, 1998, Claimant filed a lawsuit against Lewis & Clark in Madison County, Illinois, No. 98-L-233, seeking damages for personal injuries allegedly sustained in the March 17, 1998 incident. He asserted three counts: (1) negligence under the Jones Act, 46 U.S.C. § 688, et seq.; (2) unseaworthiness; and (3) maintenance and cure.

64

In the instant case, on May 8, 1998, the Court entered an "Order Approving Stipulation for Costs and Security for Value and Directing the Issuance of Notice, and Restraining Suits." In that order, the Court approved the surety bond in the amount of $450,000 as security for Lewis & Clark's interest in the M/V KAREN MICHELLE. The Court further directed that any person with a claim related to the March 17, 1998 incident file said claim with the Court on or before June 12, 1998. Finally, the Court enjoined the institution or prosecution of any other suits against Lewis & Clark relating to the incident involving the M/V KAREN MICHELLE on March 17, 1998.

On June 9, 1998, Claimant timely filed a claim of damages for injuries in the instant cause of action and filed his Answer to Plaintiff's Complaint. In his claim, Claimant stated that "[he is] entitled to maintain an action to recover damages for the injuries sustained and hereby claim[s] an amount in excess of the value of $450,000.00 stated in petitioner's stipulation for value of its interest in the M/V KAREN MICHELLE, no part of which has been paid." See Claim of Damages for Injury, pg. 2.

On June 9, 1998, Claimant also filed a motion to dissolve the restraining order entered by the Court on May 8, 1998. In his motion, Claimant asserted that he was the sole claimant who was injured on the M/V KAREN MICHELLE seeking damages as a result of the incident occurring on March 17, 1998 and, therefore, is entitled to a dissolution of the order of injunction. He also stipulated to the following: (1) Mr. Lewis expressly waived any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in state court; and (2) Mr. Lewis stipulated to Lewis & Clark's right to litigate issues relating to the limitation in this limitation proceeding.

Thereafter, Mr. Lewis filed another stipulation with this Court. That stipulation provided:

> Now comes James Lewis, claimant herein, by his undersigned counsel, and stipulates that the value of his claim in the above matter

> is less than $400,000.00, and less than the value of the limitation fund filed by petitioner Lewis and Clark Marine, Inc.

See Second Stipulation of James Lewis.

Claimant then sought a dissolution of the order of injunction so that he could proceed with the cause of action he had pending in the Circuit Court of Madison County. Whether or not to dissolve the restraining order was the issue before this Court when it entered its Memorandum and Order on December 22, 1998. The Court found that Claimant had clearly met the adequate fund exception. Thus, Lewis & Clark was not exposed to liability in excess of the limitation fund and its rights under the Limitation Act were not implicated. In light of the fact that the adequate fund exception applied to this case, this Court concluded that it would be an abuse of discretion for the Court to fail to dissolve the injunction against other proceedings and, thus, deprive Claimant of his choice of forum. Therefore, the Court granted Claimant's motion to dissolve the restraining order and permitted Claimant to pursue his state court action.

This Court further noted that it did not appear that there were any circumstances which would warrant the parties returning to this Court following the conclusion of the state court action. Nonetheless, in an abundance of caution, the Court stayed this case pending the conclusion of the Madison County State Court action and administratively closed the case, subject to re-opening by either party if warranted.

After the Court entered its Memorandum and Order of December 22, 1998, Lewis & Clark appealed this Court's ruling to the Eighth Circuit Court of Appeals. On December 15, 1999, the Eighth Circuit issued its mandate with opinion, in which it reversed this Court's decision and remanded the case for proceedings consistent with the opinion of the Eighth Circuit.

Pursuant to the Eighth Circuit's mandate, this Court re-opened this case and this case proceeded toward disposition until June 2000, when the United States Supreme Court granted

Claimant's Writ of Certiorari. This case was, in effect, stayed until the Supreme Court issued its opinion.

On February 21, 2001, in a unanimous decision, the United States Supreme Court reversed the decision of the Eighth Circuit Court of Appeals, and issued an opinion consistent with this Court's December 22, 1998, Memorandum and Order. On April 6, 2001, the Eighth Circuit Court of Appeals, on its own motion, recalled its mandate of December 15, 1999, and vacated its panel opinion and judgment.

In light of the decision of the Supreme Court of the United States, this Court will now reinstate its ruling of December 22, 1998.

Accordingly,

**IT IS HEREBY ORDERED** that, to the extent a restraining order against all pending state cases was reinstated following the Eighth Circuit's December 1999 mandate, it is **DISSOLVED**.

**IT IS FURTHER ORDERED** that the instant cause of action is **STAYED** pending final resolution of the cause of action filed by the Claimant in the Circuit Court of Madison County, State of Illinois, No. 98-L-233.

**IT IS FURTHER ORDERED** that any pending motions are **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall administratively **CLOSE** this case file, which shall be subject to reopening on motion of either party as warranted.

Mary Ann L. Medler

MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of April, 2001.

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 04/18/01 by bcrow
4:98cv503 Lewis & Clark Marine vs

28:1333 Admiralty

| | |
|---|---|
| Richard Burke - 2749 | Fax: 618-254-0193 |
| Roy Dripps - 3014 | Fax: 618-254-0193 |
| James O'Brien - 3973 | Fax: 314-241-6056 |
| Christopher Swenson - 74100 | Fax: 314-241-6056 |

SCANNED & FAXED BY:
APR 1 8 2001
MJM

SCANNED & FAXED BY:
APR 1 8 2001
MJM